OPINION OF THE COURT
F. Warren Travers, J.
Petitioners commenced this CPLR article 78 proceeding seeking a judgment prohibiting the respondent from taking any administrative action against him. Petitioner contends the respondent is acting in excess of his authority.
*937 Respondent has moved to dismiss in lieu of answering. Respondent contends that the petitioner has failed to exhaust his administrative remedies.
Petitioner was a participant in the Medicaid program administered by the respondent. Petitioner was notified of proposed action to be taken against him based upon alleged violations of 18 NYCRR 515.2. Five weeks after receipt of the proposed action, petitioner voluntarily withdrew from participation in the Medicaid program. Approximately four months thereafter, petitioner received notice of his exclusion from the Medicaid program along with a prohibition from participating in the Medicaid program for five years.
Petitioner contends that his voluntary withdrawal from the Medicaid program divests the respondent of any jurisdiction over the petitioner. Petitioner contends the respondent lacks authority to take the final action against him as stated in respondent’s notice of action sent to him after his withdrawal.
Neither party points to any case directly on point. Respondent contends that he has inherent power to police physicians participating in the Medicaid program relying upon Matter of Rubin v Campbell (48 NY2d 805).
18 NYCRR 515.3 (a) provides that upon a determination that a person has engaged in an unacceptable practice, the department may impose one or more of a list of sanctions.
Upon the record before the court it is alleged that petitioner engaged in unacceptable practices while a participant in the Medicaid program. The respondent clearly would be within his authority to impose sanctions if the petitioner was still a participant in the Medicaid program. The court concludes that the petitioner cannot escape the consequences of his actions by voluntarily withdrawing from the program just before final action is taken. The respondent has continuing jurisdiction over persons accused of unacceptable practices occurring while participating in the Medicaid program.
The petitioner cannot prevent the action proposed by seeking prohibition in this court. The petitioner must contest the matter in the administrative process if he chooses to do so. The motion to dismiss the petition for failure to exhaust administrative remedies is granted. Therefore, it is ordered, adjudged and decreed that the motion to dismiss is granted and the petition is hereby dismissed without costs.